Fred A. Schimmel and Thea Schimmel v. Commissioner.
Schimmel v. Commissioner
Docket No. 49043.
United States Tax Court
T.C. Memo 1954-114; 1954 Tax Ct. Memo LEXIS 134; 13 T.C.M. (CCH) 722; T.C.M. (RIA) 54220; July 30, 1954, Filed *134 Fred A. Schimmel, 216 West Vanderbilt Drive, Oak Ridge, Tenn., pro se. Frederick T. Carney, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency of $303 in the income tax of the petitioners for 1949. The only question presented for determination is whether the respondent erred in determining that certain deductions taken by petitioners were not allowable. Findings of Fact The petitioners reside in the State of Tennessee. In their income tax return for 1949 the petitioners, in computing their net income, deducted the following amounts from adjusted gross income: Contributions
$ 50.00
Taxes
106.00
Auto damage, theft loss and loss in
savings bank
1,620.54
Books, health insurance, liability in-
surance, expenses for re-employment
451.80
Total
$2,228.34
In determining the deficiency the respondent disallowed the foregoing items as deductions from adjusted gross income and stated that the tax liability of the petitioners was being determined "under Supplement T, Section 400 of the Internal Revenue Code, which affects an allowance of the *135 standard deduction." Opinion At the hearing the petitioners conceded that deductions taken for the following items were not allowable: theft loss, books, health insurance, liability insurance and expenses for re-employment. Respecting the deductions taken for contributions, taxes and auto damage, no evidence whatever was offered. As to loss in bank, petitioners offered no evidence from which it could be determined that such loss was sustained, or if sustained, whether it was deductible for the taxable year. In view of the foregoing the respondent's determination must be sustained for lack of proof to show error. Decision will be entered for the respondent.